```
UNITED STATES DISTRICT COURT                                           FILED
EASTERN DISTRICT OF NEW YORK                                           CLERK
----------------------------------------------------------------X
MONA CONWAY, Individually and on behalf of                       1/8/2016 12:36 pm
her son Kane Conway Goldgell, a child with a
disability and those similarly situated,                         U.S. DISTRICT COURT
                                                                 EASTERN DISTRICT OF NEW YORK
                                                                 LONG ISLAND OFFICE
                        Plaintiffs,

             - against-                                          OPINION AND ORDER
                                                                 13-CV-5283 (SJF)(AYS)
BOARD OF EDUCATION OF NORTHPORT-
EAST NORTHPORT SCHOOL DISTRICT,
MARYLOU MCDERMOTT, in her individual
and official capacity as Superintendent of Schools,
CHRISTINA PULASKI, in her individual and
official capacity as Director of Special Education,
IRENE McLAUGHLIN, in her individual and
official capacity as Principal of Northport High
School, DENISE KEENAN, in her individual and
official capacity as Vice Principal, TERRENCE
HINSON, in his individual and official capacity as
Chairperson of Guidance, and REGINA THOMAS,
in her individual and official capacity as Guidance
Counselor,

                        Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:
```

Pending before the Court is a Report and Recommendation ("the Report") of the

Honorable Anne Y. Shields, United States Magistrate Judge, dated December 17, 2015,

recommending that the motion of defendants Board of Education of Northport-East Northport

School District; Marylou McDermott, in her individual and official capacity as superintendent of

schools; Christina Pulaski, in her individual and official capacity as director of special education;

Irene McLaughlin, in her individual and official capacity as principal of Northport High School;

Denise Keenan, in her individual and official capacity as vice principal; Terrence Hinson, in his

1

individual and official capacity as chairperson of guidance; and Regina Thomas, in her individual and official capacity as guidance counselor (collectively, "defendants") seeking summary judgment dismissing plaintiff's claims in this action in their entirety pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted for her failure to exhaust administrative remedies. No party has filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein, the Report is modified as set forth herein and, as modified, is accepted in its entirety.

I.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue.") Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation, (see Report at 28), their "failure to object timely to [that] report waives any further judicial review of the report." Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992)

(quotations and citation omitted); see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Dep't of Corr., 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

Whether or not proper objections have been filed, the district judge may, after review, *inter alia*, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.   The Report

Although the Report provided the parties with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, plaintiff has neither filed any objections to Magistrate Judge Shields's Report, nor sought an extension of time to do so. Accordingly, plaintiff has "waive[d] any further judicial review of the findings contained in the [R]eport." Spence, 219 F.3d at 174.

However, so much of the Report as cites to, *inter alia*, former Rule 56(c) of the Federal Rules of Civil Procedure in setting forth the standard of review on a motion for summary

3

judgment is rejected. Presently, Rule 56(a) of the Federal Rules of Civil Procedure prescribes the standard of review on a motion for summary judgment that was previously expressed in former Rule 56(c).

Nonetheless, the standard of review on a motion for summary judgment remains the same. See Fed. R. Civ. P. 56(a), advisory committee's notes to 2010 amendment ("Subdivision (a) carries forward the summary-judgment [sic] standard expressed in former subdivision (c), changing only one word– genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment [sic] determination.") Specifically, Rule 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Current Rule 56(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

> "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1). Accordingly, Magistrate Judge Shields ultimately applied the correct standard in reviewing defendants' motion for summary judgment and recommending that it be granted.

As there are no other plain errors on the face of the Report affecting the findings and conclusions reached by Magistrate Judge Shields therein, the remainder of the Report is accepted in its entirety and, for the reasons set forth therein, defendants' motion seeking summary

judgment dismissing plaintiff's claims in this action in their entirety pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's claims are dismissed in their entirety with prejudice for her failure to exhaust administrative remedies. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

                                                    /s/
                                      SANDRA J. FEUERSTEIN
                                      United States District Judge

Dated: January 8, 2016
       Central Islip, New York